JASON RABINOWITZ, SBN 183822
COSTA KERESTENZIS, SBN 186125
EILEEN BISSEN, SBN 245821
**BEESON, TAYER & BODINE, APC**
1404 Franklin Street, 5th Floor
Oakland, CA 94612-3208
Telephone: (510) 625-9700
Facsimile: (510) 625-8275
Email: jrabinowitz@beesontayer.com
ckerestenzis@beesontayer.com
ebissen@beesontayer.com

Attorneys for Plaintiffs Morton and Sanchez, *et al*.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD MORTON and DANIEL SANCHEZ, on their own behalf and on behalf of a class of similarly situated persons pursuant to F.R.C.P. 23 and 29 U.S.C. § 216, and on behalf of the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>VALLEY FARM TRANSPORT, INC., a California Corporation,<br><br>Defendant. | Case No. C 06-02933 SI (ADR)<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT**<br><br><br><br><br><br>Complaint Filed: May 1, 2006 |

The matter having come before the Court for hearing on July 25, 2008, pursuant to the Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Order") of this Court dated June 5, 2008, and for approval of the settlement as set forth in the Parties' Stipulation Regarding Settlement ("Settlement Agreement") filed with this Court on May 2, 2008, and due and adequate notice having been given to the Settlement Class as required by the Preliminary Order, and the Court having considered all papers filed and proceedings had herein and otherwise been fully informed, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECLARED THAT:**

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement. For the purposes of this Order and Final Judgment, and consistent with the Settlement

Agreement, the term "Settlement Class" means those Eligible Class Members who were employed by Valley Farm Transport, Inc. ("Defendant") as truck drivers between May 1, 2002 through the date of entry of the Preliminary Approval Order and who were not provided with the opportunity to take meal and/or rest breaks and/or worked more than forty (40) hours per week without being paid overtime compensation.

2. This Court has jurisdiction over the subject matter of the Class Action and over all Parties to the Class Action, including all Members of the Class.

3. Notice to the Settlement Class, including the mailing of the Class Notice, the Claim Form, and the Request for Exclusion From Class Form, as set forth in the Settlement Agreement, has been completed in conformity with the Preliminary Order, including individual notice to all Settlement Class Members who could be identified through reasonable effort. The Court finds that said notice was the best notice practicable under the circumstances. The Class Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and the Class Notice, Claim Form and Request for Exclusion From Class Form fully satisfied the requirements of due process.

4. This Court hereby approves the Settlement set forth in the Settlement Agreement including the settlement awards, released claims and other terms therein, and finds that the Settlement Agreement is, in all respects, fair, reasonable and adequate to the Parties and directs the Parties to effectuate the Settlement according to its terms. The Court hereby grants Class Counsel's unopposed Motion for Attorney Fees, Costs and Class Representative enhancements, finding such requests to be fair and reasonable under applicable legal standards, for the reasons set forth in the filings supporting the Motion.

5. All Class Members who either: (a) sent a timely Proof of Claim Form; or (b) failed to send either a timely Proof of Claim Form or Request for Exclusion From Class Form are hereby deemed to have waived and released all Settled Claims and are barred and enjoined from prosecuting the Settled Claims against the Released Parties.

6. Within seven (7) days after the Effective Date, Defendant shall pay Class Counsel the first installment of attorneys' fees for prosecution of the Class Action, in the sum of Eighty Two Thousand Five Hundred Dollars ($82,500). All subsequent attorneys' fees payments to Class Counsel shall be made by Defendant according to the agreed-upon timeline outlined in the Stipulation Regarding Settlement ("Settlement Agreement").

7. Within seven (7) days after the Effective Date, Defendant shall pay Class Counsel the costs incurred in the prosecution of the Class Action, in the amount approved of by the Court.

8. Within seven (7) days after the Effective Date, Defendant shall pay each Named Plaintiff the first installment of their Class Representative Enhancement award in the sum of One Thousand Eight Hundred Seventy Five Dollars ($1,875), less any applicable deductions required by state and local law. The subsequent Class Representative Enhancement award payments to Named Plaintiffs shall be made by Defendant according to the agreed-upon timeline outlined in the Stipulation Regarding Settlement ("Settlement Agreement").

9. The Settlement shall proceed as directed in the Implementation Schedule in the Preliminary Approval Order, and no payments to Eligible Class Members, no Class Representative Enhancement Payments to Named Plaintiffs, and no attorneys' fees to Class Counsel shall be made until after the Effective Date.

10. The Settlement Agreement is not an admission by Defendant nor is this Order and Final Judgment a finding of the validity of any claims in the Class Action or of any wrongdoing by Defendant. Furthermore, the Settlement Agreement is not a concession by Defendant and shall not be used as an admission of any fault, omission or wrongdoing by Defendant. Neither this Order and Final Judgment, the Settlement Agreement, any document referred to herein, any exhibit to any document referred to herein, any action taken to carry out the Settlement Agreement, nor any negotiations or proceedings related to the Settlement Agreement are to be construed as, or deemed to be evidence of, or an admission or concession with regard to, the denials or defenses of Defendant, and shall not be offered in evidence in any action or proceeding against the Parties hereto in any Court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order and Final Judgment.

11. Neither the terms of this Settlement Agreement nor the Settlement Award paid to the Named Plaintiffs or any Eligible Class Members shall have any effect on the eligibility for or calculation of employee benefits of the Named Plaintiffs or Eligible Class Members.

12. The Class Action is hereby dismissed with prejudice, provided however, and without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) interpretation, implementation and enforcement of the Settlement; and (b) enforcement and administration of the Settlement Agreement.

13. If the Settlement does not become final and effective in accord with the terms of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered, including, but not limited to any dismissal and all releases delivered in connection therewith, shall be null and void.

**IT IS SO ORDERED**.

Dated: _____

_____
HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE